IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID B. COULTAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 05-3083 |
| | ) | |
| DON HULICK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner David B. Coultas' Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court DENIES the Petition because the Petition is barred by the statute of limitations.

Coultas was convicted at a bench trial on September 19, 1995, of four counts of aggravated sexual assault. He was sentenced to a 10 year sentence on each count, to run consecutively. Petitioner appealed his conviction. On March 28, 1997, the Illinois Appellate Court affirmed the conviction. Coultas then filed a petition for leave to appeal with the Illinois Supreme Court. The Illinois Supreme Court denied the petition for leave to appeal

1

on June 4, 1997. Coultas did not file a petition for a writ of <u>certiorari</u> with the United States Supreme Court.

On January 21, 1998, Coultas filed a state post-conviction petition. The petition was dismissed as untimely. Petitioner appealed the dismissal. On May 14, 1999, the Illinois Appellate Court affirmed the dismissal. Petitioner then filed a petition for leave to appeal to the Illinois Supreme Court. The Illinois Supreme Court denied the petition for leave to appeal on October 6, 1999. Coultas did not file a petition for a writ of <u>certiorari</u> with the United States Supreme Court.

On February 26, 2005, Coultas signed his Petition for Habeas Corpus and filed it with this Court on April 6, 2005. The Respondent argues that the Petition is barred by the statute of limitations.[1]  The Court agrees. Coultas had one year from the date his judgment of conviction became final to seek habeas review. 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations was tolled during the time that a properly filed post-conviction proceeding was pending. 28 U.S.C. § 2244(d)(2). His conviction became

---

[1] Coultas was in the custody of Jerry Bohler, the then Warden of the Illinois River Correctional Center at the time that he filed his Petition. Coultas is now in the custody of Don Hulick, Warden of the Illinois River Correctional Center. Hulick has been substituted in as the Respondent in this case.

final ninety days after the Illinois Supreme Court denied his petition for leave to appeal on June 4, 1997, or September 2, 1997.  The ninety days represented the time that he had to file a petition for a writ of certiorari with the United States Supreme Court.  See Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002).  His state post-conviction petition was not timely and therefore was not properly filed and did not toll the one-year statute of limitations.  Pace v. DiGuglielmo, __U.S.__, 125 S.Ct. 1807, 1811-14 (2005).  Thus, the one-year statute ran on September 2, 1998.  Even if his state post-conviction petition was properly filed, it ceased to be pending when the Illinois Supreme Court denied his petition for leave to appeal on October 6, 1999.  He did not sign this Petition until February 2005, long after the statute of limitations ran.

Coultas presents evidence that he did not receive notice of the denial of his petition for leave to appeal his conviction until October 20, 1997. Petition for Habeas Corpus (d/e 4), Exhibit 3, at 1.  The lack of notice might, possibly, provide a basis for equitably tolling the commencement of the running of the one-year statute until that date.  See Williams v. Sims, 390 F.3d 958, 960-63 (7th Cir. 2004).  Even so, the one-year statute ran long before Coultas filed his Petition in 2005.

Therefore, the Petition for a Writ of Habeas Corpus (d/e 4) is denied.

All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: ___October 3___, 2005.

FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE